## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DANTE L. MILON (#562330)**                                **CIVIL ACTION**

**VERSUS**

**19-717-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 23, 2021.

                                                                                   _____
                                                                                   **RICHARD L. BOURGEOIS, JR.**
                                                                                   **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANTE L. MILON (#562330)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **19-717-BAJ-RLB** |
| **JAMES LEBLANC, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Peter Lollis (R. Doc. 27). The Motion is not opposed.

The *pro se* plaintiff, a person confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James LeBlanc, Darrel Vannoy, Antonio Whitaker, Peter Lollis, Captain John Doe, and Lt. John Doe complaining that his constitutional rights were violated due to the use of excessive force and having his hair forcibly cut in violation of his religious beliefs.[1] He seeks monetary, declaratory, and injunctive relief.

Defendant moves for summary judgment relying upon the pleadings; a Statement of Uncontested Material Facts; the affidavit of Peter Lollis; and certified copies of LSP Directive No. 12.004 Offender Grooming applicable on 11/5/2018, LSP Directive No. 12.004 Offender Grooming applicable as of February 8, 2019, DOC Regulation No. B-08-005-A Faith-Based Programs and Services Religious Exemption Form, Religious Exemption forms for Dante Milon, Disciplinary Report dated November 1, 2018, Medical Records of Plaintiff, November 5, 2018

---

[1] The plaintiff's claims asserted against defendants Antonio Whitaker, Captain John Doe, and Lt. John Doe have been dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them. The plaintiff's First Amendment claims asserted against defendants LeBlanc and Vannoy have been dismissed with prejudice along with the plaintiff's RLUIPA claims against defendants LeBlanc and Vannoy in their individual capacities and the plaintiff's claim for monetary damages against the defendants in their official capacities. *See* R. Docs. 23 and 25.

Disciplinary Report written by Peter Lollis, November 5, 2018 Disciplinary Report written by Antonio Whitaker, ARP No. LSP-2019-0157, DOC Regulation No. B-08-005 Faith-Based Programs and Services, and November 5, 2018 Camp D Hawk 1 Right Tier Logbook.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-

moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on November 1, 2018 defendant Lollis approached his cell and asked if the plaintiff would cut his hair. The plaintiff stated that he would not cut his hair due to his Rastafarian beliefs. Defendant Lollis gave the plaintiff a verbal order to have his hair cut, and the plaintiff refused. Other officers later came to the plaintiff's cell and ordered him to come to the bars to be restrained. As he was being placed in handcuffs, defendant Lollis and several other officers arrived. The plaintiff was again asked if he would cut his hair and he again refused for religious reasons. The plaintiff was then transferred to administrative segregation.

On November 5, 2018, a disciplinary proceeding was conducted, and the plaintiff was again ordered to cut his hair. The plaintiff refused for religious reasons. Later the same day defendant Lollis came to the plaintiff's cell and ordered him to come to the bars to be restrained for a haircut. The plaintiff refused to comply. After giving the plaintiff three more verbal orders to come to the bars and be restrained for a haircut, defendant Lollis left. Defendant Lollis returned wearing a gas mask, and after giving the plaintiff two more verbal orders sprayed the plaintiff with a personal chemical agent.

The plaintiff alleges that he was then restrained and attempted to enter the shower and that Defendant Lollis and officer Whitaker became more aggressive and began choking and punching the plaintiff Defendant Lollis and other officers then dragged the plaintiff back into the Hawk unit. These officers only ceased dragging the plaintiff due to the presence of other inmates. The plaintiff was then violently handled and restrained so his hair could be cut by

officer Whitaker despite the plaintiff's refusal due to his religious beliefs. The plaintiff suffered injuries to his neck, lower back, and eyes.

In response to the plaintiff's allegations, defendant Lollis challenges the accuracy of the allegations alleged by the plaintiff and asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's Motion should be granted. A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of

mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The competent summary judgment evidence submitted by the defendant shows that, on November 5, 2018, defendant Lollis gave the plaintiff several direct verbal orders to come to the cell bars to be restrained for a haircut as ordered by the disciplinary board. The plaintiff was warned that if he failed to comply a chemical agent would be used. The plaintiff failed to comply and placed a towel over his face. Defendant Lollis left the tier and retrieved a can of chemical agent. Upon returning to the plaintiff's cell, defendant Lollis gave the plaintiff direct verbal orders to come to the bars and be restrained. The plaintiff refused and defendant Lollis administered one spray of the chemical agent to gain compliance. The plaintiff was then restrained and removed from his cell.

As defendant Lollis was escorting the plaintiff down the tier the plaintiff grabbed onto the tier cell door. Defendant Lollis attempted to break the plaintiff's grip by grabbing his arms and pulling them from the bars. Officer Whitaker then intervened and delivered closed fist strikes to

the plaintiff's median nerve so that the plaintiff would release the tier door. The plaintiff was then placed in a chair for haircut. When the plaintiff resisted the haircut, a cell entry team was called and held the plaintiff down while officer Whitaker cut the plaintiff's hair.

As such, it appears that any force used by defendant Lollis was not applied maliciously and sadistically for the purpose of causing harm but rather in a good faith effort to maintain or restore discipline. In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to be heard, the plaintiff has not come forward with any opposition to defendant's Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions that he is entitled to qualified immunity. Accordingly, based upon the plaintiff's failure in this case to oppose the defendant's motion for

summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, defendant Lollis is entitled to summary judgment as a matter of law.

As such the plaintiff's only remaining claims are for declaratory and injunctive relief against defendants LeBlanc and Vannoy in their official capacities. With regards to injunctive relief, the plaintiff requests that defendant Vannoy be ordered to post memorandums so that Rastafarians know what rules to expect with regards to maintaining their hair. The policy pursuant to which the plaintiff's hair was cut has been changed to permit religious exemptions, and an exemption was granted to the plaintiff on June 19, 2019. *See* R. Doc. 27-8, p. 2. Accordingly, the plaintiff is aware of his religious rights regarding his hair and his request for injunctive relief is moot.

With regards to the plaintiff's request for a declaration that his constitutional rights were violated, to obtain declaratory relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). In the instant matter it is undisputed that the policy at issue has been amended and that the plaintiff has been granted a religious exemption. As such, there is no continuing harm or immediate threat of repeated injury in the future. Accordingly, it is recommended that the plaintiff's remaining claims against defendants Vannoy and LeBlanc be dismissed, *sua sponte*, with prejudice.

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the

claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## RECOMMENDATION

The summary judgment record establishes that the moving defendant as well as non-moving defendants LeBlanc and Vannoy are entitled to summary judgment. As such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving the plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, 4 (W.D. La. June 10, 2008). Accordingly, it is recommended that the Motion for Summary Judgment (R. Doc. 27) be granted, dismissing all of the plaintiff's claims against all remaining defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on August 23, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**